SARTAIN, Judge.
The State of Louisiana, Through the Department of Highways (Department) instituted this appropriation proceeding to secure 7.982 acres of land from A-l Equipment Rentals, Inc. (defendant) in connection with the construction of Interstate 10 in Ascension Parish.
The sum of $29,643.00 was deposited in the registry of the court by the Department, being the sum determined by the De *674 partment as just compensation to the defendant. The defendant answered alleging that the amount so deposited was inadequate and should be increased to the amount of $83,313.00.
The trial judge, with extensive written reasons assigned, rendered judgment in favor of the defendant and against the Department in the amount of $65,311.00, subject to a credit in the amount of the sum previously deposited. It is from this judgment that the Department has appealed. We affirm.
Defendant owned a rectangular tract of land containing 28.350 acres. The property taken severed defendant’s original tract, leaving an irregular north remainder of 11.977 acres and a land-locked south remainder of 8.371 acres.
Prior to the taking, the 28 acres constituted a welldesigned, carefully coordinated unit for the breeding, exhibiting and marketing of Arabian horses. Located on the north remainder was a barn consisting of twenty-three stalls, a riding arena (also used for showing), restrooms, and refreshment facilities. The severance damages to the north remainder and the cost of the barn are the focal issues.
Testifying as expert appraisers were Mr. Oren W. Russell for the Department and Mr. Kermit W. Williams and Curtis Book for the defendant. Mr. Book’s written appraisal was placed in the record; however, it was stipulated that if he testified his testimony would be in accordance with that of Mr. Williams.
The Department agrees that the $1250.00 per acre for the value of the property as determined by the trial judge is proper including severance damages to the south remainder of $750.00 per acre. The defendant has no quarrel with this evaluation.
The trial judge found that the improvements on the north remainder had a value of $83,160.00 and were damaged to the extent of sixty percent or in the amount of $47,668.00.
Each of the appraisers agreed that the north remainder was damaged because there remained thereon on expensive single purpose facility (barn) which caused this portion of defendant’s property to be “ov-erimproved”, thereby reducing its market value. Stated another way, defendant will not be able to find a purchaser who will be willing to pay $1250.00 per acre plus the value of the barn for the north remainder.
The Department urges that this is a unique situation which calls for the application of the “cost to cure” method for determining damages. State of Louisiana, Through Department of Highways v. Mason, 254 La. 1035, 229 So.2d 89 (1969). Following this approach the Department argues that if the defendant could acquire lands adjacent to its barn, the unitization of its property would be re-established. Mr. Russell testified that defendant could acquire an adjacent five-acre tract at a cost of $2,500.00 per acre. The record is completely devoid of any evidence indicating the possibility of the defendant acquiring additional acreage so as to bring his holdings back up to the 28 acre level.
The Department offered the testimony of Mr. George B. Schoonmaker, a licensed general contractor, for the purpose of fixing a value on the barn. Mr. Schoonmaker testified that in his opinion the barn could be replaced for the sum of $34,612.-50.
On the other hand, Mr. Kermit Williams valued the barn at $67,600.00. Mr. Richard E. Henley, the general manager for the defendant, testified that he personally handled the design and construction of the barn for the defendant and that its total cost was $70,464.00. The trial judge admitted this testimony over the objection of the Department on the grounds that the best evidence of construction costs was the bills and invoices received in connection therewith. Mr. Williams used Mr. Henley’s evaluation and this evaluation was accepted by the trial judge.
*675 We are satisfied that the independent evaluation by Mr. Williams in connection with his consultation with Mr. Henley justified the acceptance of the higher figure. A review of the record relative to the construction cost of the barn as estimated by Mr. Schoonmaker and Mr. Williams convinces us that Mr. Schoonmaker did not take into consideration numerous items which were used in the construction of the barn. In addition, Mr. Williams acquainted himself with the cost of materials and testified to the same. The trial court found that Mr. Williams’ estimate was the more realistic figure and we agree.
Accordingly, for the above reasons, the judgment of the district court is affirmed and all such costs as are permitted by law are assessed against the appellant.
Affirmed.